# In The United States District Court
# For The Eastern District Of Pennsylvania

Gartor Kiki Brown

V.

Chester County et al.,

NO. 17-CV-1138

RECEIVED MAY 20 2022

## Plaintiff Motion To Compel

1) Defendants has not responded to specific discovery request dating back to 8/22/19 (Exhibit A)
2) Defendants responded to Plaintiff's original Production of document dated March 20, 2019, in a letter dated the same day, defendants asserted they where working on Plaintiff's original set of Interrogatories, Brown was directed to limit his Interrogatories pursuant to Rule 33(a)(1); defendants also cited six (6) videos.
3) Brown initiated new sets of Interrogatories (Exhibits B, C, D, E)
4) Defendants did not respond to any of Plaintiff's Interrogatories (E, D, C, B).
5) In an order dated March 11th, 2022 Judge McHugh directed all parties to complete discovery by June 24, 2022.
6) Brown initiated a Supplemental Request for Production of Document (Exhibit F) dated 4/7/22; with this Plaintiff also initiated the cited Interrogatories (Exhibits B, C, D, E)
7) In Brown's Supplemental Request for Production of Document, he requested the Six (6) videos at the Center of Brown claims, that was never send. Brown also requested all cell & strip searches policies on J-block as some of Brown claims are center around alleged unlawful excessive cell & strip searches while on J-block.

## Argument

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion & Judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F. 2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters;

In this regard, District courts provide magistrate Judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997)

When a magistrate judge's decision involves a discretionary discovery matter..., "Courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Spidi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 1996)). Under the standard, a magistrate Judges discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Comm'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); See also Hasbrouck v. Bank America Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate Judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action. Prescribes certain limits to that discovery and provides as follows:

Unless limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. It is clear that the Court cannot compel the production of things that do not exist, nor can the Court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., No. 08-5904, 2010 WL 5186088 (E.D. Pa. Dec. 21, 2010).

In this case, the discovery & interrogatories Brown seeks would not be burdensome and is the general subject matter of this action. The discovery sought is not confidential or privileged information. Exhibit G, Response of Chester County to Plaintiff Garfor Kiki Brown's Request for Production of Documents #(3) states that the County has six videos within their custody & control.

Dear Mr. Donatelli,                    Carter Brown Nables           (Exhibit A)

After sending you my Production of Documents directed to The County of Chester on 1/3/19, I wrote this office on 3/13/19 with concerns, I received a correspondence a short time after dated March 20, 2019.

I also send you Interrogatories & Production of Documents directed to Mr. Harding, Mr. Nivages, Mr. Tylor, Mr. McFadden, Mr. Miller on 2/10/19.

I received some documents only pursuant to Production of Document request directed to Harding, Nivages, Tylor, McFadden, Miller with your letter dated March 20, 2019.

In your Letter response dated March 20, 2019 you asserted that you was working on set of interrogatories pursuant to Mr. Harding, Mr. Nivages, Mr. Tylor, Mr. McFadden, Mr. Miller. You also asked me to limit the interrogatories, you cited Rule 33(a)(1). You also stated that you had six videos to send as part of your Production of Document.

On 4/2/19 I send you a letter pursuant to which interrogatories to address.

On 5/7/18 I send you a supplemental Request For Documents Pertaining To Defendants Response to Plaintiff's Documents Request, also directing you to only response to the Interrogatories as directed. For any reason if my request were muddling I have new set of Interrogatories directed to Mr. McFadden, Mr. Miller, Mr. Harding, Mr. Nivages, Mr. Tylor, Mr. Shores and Mr. Whiteside. Each Interrogatories are only six (6) questions each.

Also I am sending you another copy of my supplemental Request For Documents Pertaining to Defendants Response. I was very concern you objected my document request as to your Strip searches Policy & excessive Force Policy, I will like some documents on that.

In the case were defendants had already went for summary judgement, I will be sending a motion to the courts asking defendants to response to discovery.

Thanks for your time God Bless!

[signature]

# In The United States District Court For The Eastern District Of Pennsylvania

(Exhibit B)

Gartor Kiki Brown

V.

NO. 17-CV-1138

Chester County, et al.,

## Plaintiff's Interrogatories Addressed To Defendants Shores, Haines, Whiteside, Bolden

Pursuant to Rule (33) Fed.R.Civ.P, the Plaintiff submits the following interrogatories to defendants. You are directed to answer each interrogatories in writing under oath, and provide the plaintiff with copies of each of the requested documents within (30) days of being service. These interrogatories must be signed.

1) Are you aware of any routine practice of excessive force? Please explain the procedure of plan use of force, be specific.

2) Pursuant to Brown's complaint, do you remember useing or witnessed the use of any wepons not limited to stun shield, O.C. gas, during any plan or unplaned use of fore from 11/13/16-11/16/16. What are some effects a stun shield & O.C. gas could have on an inmate with asthma

3) Please explain in your own words the manner in which the incidents referred to in Plaintiff's complaint from 11/13/16-11/18/16 occured, or every encounter you had with the plaintiff.

4) Have you been under investigation for any wrong doing at chester county jail, causing injuries, death, or hardship?

5) Are you aware of any policies, customs of excesive cell searches, strip searches, or cavity searches on J-block in November of 2016.

6) At any time pursuant to Plaintiff's complaint, did you deprived Brown of any basic necessity, food, water, shower, clothing, bed, sheets etc...

# In The United States District Court
# For The Eastern District Of Pennsylvania

(Exhibit C)

Gartor Kiki Brown

V.

Chester County et al.,

No. 17-CV-1138

## Plaintiff's Interrogatories Addressed To Defendants Nivages And Sgt. Tylor.

Pursuant to Rule (33), Fed.R.Civ.P., the Plaintiff submits the following interrogatories to defendants. You are directed to answer each interrogatories in writing under oath, and provide the Plaintiff with copies of each of the requested documents, within thirty (30) days of service hereof, as per Pa.R.C.P. 4005. These interrogatories are addressed to Nivages and Sgt. Tylor, Partys in this action. The interrogatories must be sign and or by such party, before a Notary Public.

1) Directed to both Cpt Nivages and Sgt. Tylor, explain fully the manner in which the incidents refferred in Plaintiff's complaint from 11/13/16 through 11/18/16 to the best of your knowled day by day, be very specific.

2) Directed to Cpt. Nivages, at anytime on or pursuant to Brown cellmate at the time refusing to lock in to cell N-49 were he was housed with Brown, was he disciplain for his actions on 11/13/16?

3) Directed to both defendants, can you explain all encounters with the Plaintiff from 11/13/16 through 11/13/18?

4) Directed to both defendant's at anytime was you aware of Plaintiff being deprived of any basic necessity seach as but not limited to, food, water, clothing, bed, etc? during the time of 11/13/16 through 11/18/16 also medication be specific.

5) Directed to both defendants, is it routine at chester county Prison that officials use force on inmates, from experience have you been under investigation for any wrong doing by in house administration or outside government agency while employed at Chester County Prison, including but not limited to serious injuries from use of force, unlawful use of force, death, searches cell, civil, also are you a defendant in any pending or outpending litigations?

6) What is your Procedure on searches while housed in the RHU Cpt. Nivages, you can be brief I have already asked Warden Mcfedden and Cpt. Miller to be specific, also are you aware of any inmate grievances pursuant to the searches in the last 5 years, has any inmate been injurred for refuseing the searches while housed in the RHU?



# In The United States District Court For The Eastern District OF Pennsylvania

Gartor kiki Brown

v.

Chester County et al.,

(Exhibit D)

No. 17-CV-1138

## Plaintiff's Interrogatories Addressed TO Defendant Harding

Pursuant to Rule (33), Fed.R.Civ.P., the Plaintiff submits the following interrogatories. You are directed to answer each interrogatories in writing under oath, and Provide the Plaintiff with copies of each of the requested documents, within thirty (30) days of service hereof, as Per Pa.R.C.P. 4005. These interrogatories are addressed to sgt. Harding a Party in this action. These interrogatories must be signed by such party, before a Notary Public.

1) Sgt. Harding Can you explain all encounters made with the Plaintiff from 11/12/16 through 11/18/16 while he was housed at chester county?

2) What is your classification policy pursuant to housing inmates produce them, also what is the procedure or explain the procedure have to follow if you are call to an inmate dispute and both inmates claim they do not one to be housed together, in which one inmate claim he was assaulted or is being assaulted by the other inmate?

3) On 11/12/16 while meeting with Brown was you aware of a open cell next door to N-19 were Plaintiff was housed, or other open cells on other blocks in the Prison?

4) Do you have any recording of your movement on N-block the night of 11/12/16, if so can you produce the tape, and at anytime did other inmates tell you what they thought was going on in cell 49 on N-block on 11/12/16?

5) Have you been under investigation for any wrong doing by in house Administration, or outside government agency while employed at chester county Prison including but not limited to serious injuries, ignoring inmate on inmate assaults, soccer death, searches, also are you a defendant in any pending litigation or out pending litigations if so explain.

6) After you witness an assault of Brown did you see to it he got medical treatment?

# In The United States District Court
# For The Eastern District OF Pennsylvania

Gartor kiki Brown

V.

Chester County et. al.,

(Exhibit E)

No. 17_CV_ 1138

## Plaintiff's Interrogatories Addressed TO Defendants Mcfedden And CPt. Miller

Pursuant to Rule (33), Fed.R.Civ.P., the Plaintiff submits the following interrogatories to defendants. You are directed to answer each interrogatories in writing under oath, and provide the Plaintiff with copies of each of the requested documents, within thirty (30) days of service hereof, as Per Pa. R.C.P. 4005. These interrogatories are addressed to defendants Warden Mcfedden and CPt. Miller; party's in this action. These interrogatories must be sign by such party, before a Notary Public.

1) Directed to both Warden Mcfedden and CPt. Miller; explain fully the manner in which the incidents from 11/12/2016 through 11/15/16 referred to in Plaintiff's complaint occurred be specific day by day.

2) Directed to both defendants; can you predicate all encounters made with Plaintiff from 11/12/16 through 11/18/16 by both defendants, be specific.

3) Directed to Warden Mcfedden, can you make clear as to the texture of your search policy's while inmates are housed in the R.H.U., can the inmate have his legal papers, How often can the inmate cell be search a day, dose it include strip and rectal searches, just walk me through your procedure you had in place 11/12/16 through 11/16/16 it should also be analyzed separately as to if an inmate comply's and as to an inmate refusing

4) Directed to CPt. Miller, can you explain or walk me through the procedure in place as to the CERT team activating on an inmate while in the RHU., How do you decide what is used for the activation, is the inmate extracted out the cell taken to a strip cage checked for injuries, changed over, Put into a different cell, Can you be very specific, without confusing you let's say the situation is the inmate refuse to cuff and be search, walk me through you procedure with due respect.

5) Directed to both warden Mcfedden and CPt. Miller, has their been an incident where the inmate was activated on in the RHU cell useing force to restraint while in the cell, search in the cell, left in the cell without clothing, if so walk me through to whom, and how the inmate was search, how many time has it occured during the Pass five years?

6) Directed to Warden Mcfedden and CPt. Miller, have you been under investigation for any wrong doing by in house Administration or outside government agency while employeed at Chester County Prison, including but not limited to injuring an inmate, force, death, searches also any pending or outpending litigations in which you was a or is a defendant?

7) As is records what are the names of the two transporting officers from the Chester county Sheriff's departement that transported Plaintiff back to C.F.C.F. Prison on 11/18/16?

# In The United States District Court For The Eastern District Of Pennsylvania

(Exhibit F)

Gartor Brown

v.

No. 17-CV-1138

Chester County et. al.,

## Plaintiff's Supplemental Request For Production Of Documents

Pursuant to Rule 34, Fed.R.Civ.P., the Plaintiff submits the following Request For Production Of Documents to defendants Chester County, Warden Edward McFadden, Sgt. Swift, Harding, Taylor, C/O Miller, Nivages, Haines, Shores, Whiteside, Pierce-Tousaint, Dorsey, Bolden, McGroolx, Raymond, Stevenson. You are directed to provide Plaintiff with copies of each of the requested documents or make them available to Plaintiff for inspection & copying.

1. Pursuant to Plaintiff's first Production of Documents request response, please with due respect send me the six videos pursuant to some of Plaintiff's claims, for viewing.

2. Plaintiff claims are also predicated around searches while on J-block a RHU unit. Please send all cell search policys & strip search policys.

3. Please send all use of force policys.

4/7/22

Dear Lawyers,

This is a brief correspondence to put defendants on notice that is/i am initiating a supplemental Request for Production of Documents & simultaneous "Supplemental Interrogatories". Please note the papers & videos I am seeking was never presented with defendants first response to plaintiff's first Production of Document Request.

I am also filing my documents with the Courts because I had issues with communicating with lawyers at this firm pursuant to discovery requests. Thanks God bless.

(Exhibit F #2)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GARTOR KIKI BROWN            :
                             :   CIVIL ACTION
v.                           :
                             :   NO. 2:17-cv-01138-GAM
CHESTER COUNTY, et al.       :

(Exhibit G)

## RESPONSE OF CHESTER COUNTY TO PLAINTIFF
## GARTOR KIKI BROWN'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, the County of Chester, responds to Plaintiff Gartor Kiki Brown's Request for Production of Documents. As the requests and the responsive documents overlap, the documents produced are identified on the attached Addendum and Bates-stamped County 1 - 406. The County specifically responds as follows:[1]

1. Any statements concerning this lawsuit or its subject matter made by any party regarding this matter or any person who is a witness in this matter are attached hereto.

2. The County does not have within its custody, possession or control any statements concerning this lawsuit or it subject matter made by an expert. The County reserves the right to secure and produce expert reports and opinions as their need may be determined during discovery.

3. Copies of all photographs concerning this lawsuit or its subject matter that are within the custody, possession and control of the County are attached hereto. The County has six videos which will be made available to Plaintiff upon securing an appropriate method for viewing.

---

[1] By Order dated August 1, 2018, the Court granted in part and denied in part the Motion to Dismiss of the Chester County Defendants. (Doc. 57). Specifically, the Court dismissed: (1) Plaintiff's procedural due process claims regarding denial of his grievances, (2) Plaintiff's inadequate access to courts claim against Chester County Property Officers #1 and #2 because he has not alleged any actual injury relating to their handling of his legal papers, and (3) Plaintiff's municipal claims against Chester County, the Chester County Prison Warden, and Cpt. Miller alleging failure to train and supervise prison staff. To the extent that Plaintiff's Document Requests related solely to these claims and Defendants, the County objects to them as irrelevant.

1

# In The United States District Court For The Eastern District Of Pennsylvania

Gartor Kiki Brown

v.

Chester County et al.,

(Exhibit H)

NO. 17-CV-1138

## Plaintiff's Interrogatories Addressed To Defendants Swift, Stevenson, McGrooty

Pursuant to Rule (33) Fed.R.Civ.P., the Plaintiff submits the following interrogatories to defendants. You are directed to answer each interrogatories in writing under oath, and provide Plaintiff with copies of each of the requested documents within (30) days of being service. These interrogatories must be sign.

1) Please explain in your own words, the manner in which the incidents referred to in Plaintiff's Complaint from 11/13/16 - 11/18/16 occurred, or every encounter you had with Plaintiff around this time.

2) At anytime from 11/13/16 - 11/18/16, did you deprive Plaintiff of any basic necessity not limited to food & water, shower, bed, sheets etc...

3) From 11/13/16 - 11/18/16 did you work on J-block in Chester County Prison; also at anytime around this time did you work on a medical block or around Brown while he was housed in medical.

4) At any time did you tell Brown he would have to walk to tray slot before he could eat.

5) Are you aware of any policies, customs of excessive cell searches, strip searches, or cavity searches on J-block in November of 2016, where you apart of any searches against Brown.

6) Have you been under investigation for any wrong doing at Chester County Jail, causing injuries, death, or hardship.

## CERTIFICATE OF SERVICE

I hereby certify that I am Garfor Brown Plaintiff in this matter. I certify that on March 17, 2022 Plaintiff Motion to Compel with Exhibits A, B, C, D, E, F, F#2, G, H, was put into the Prison's mail Box for first class postage to the address below

United States District Court
601 Market St.
Philadelphia PA 19106

Dated 5/17/22

Garfor Brown
A094007050
Moshannon Valley Prison
555 GEO Drive
Philipsburg, PA 16866
S/ Garfor Brown



Gafor Brown
Moshannon Valley Jail
555 Geo Drive
Philipsburg, PA 16866
SMU N-3102
A09400708

United States District Court
601 Market St
Philadelphia PA 19106

U.S.M.S. X-RAY

Hasler
05/18/2022
US POSTAGE $000.93⁰
FIRST-CLASS MAIL
ZIP 16866
011E11683466